In the Matter of the Claim of JENS G. HANSEN, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an Unemployment Insurance Referee overruling the commissioner's initial determination of claimant's ineligibility for benefits upon the ground that he was unavailable for employment. Claimant had been most recently employed as an apartment house superintendent, with about ten years' experience. That work was terminated by illness. Some months earlier he had purchased a rooming house, where he has made his residence since leaving his last position. He does not desire work calling him away from home. Hence he is no longer interested in an apartment house superintendency, which usually requires the superintendent to be in residence. During the years 1941, to 1950, he worked as a marine engineer and as a machinist at the Brooklyn Navy Yard. He has stated that he will accept a position at $65 per week of five eight-hour days. Preferably the work should be as a loft or office building superintendent or as a light machinist. Apparently he has made little more than token efforts to find employment. He expressed the belief that at sixty he was too old to get work at the Navy Yard. Another employer of machinists refused him work because of his age. At Bethlehem Steel Company Shipyard his applica-

tion was not taken because the marine work was a "shapeup" job. He has dropped out of the union having jurisdiction of apartment house superintendents without availing himself of an offer to transfer him to one having jurisdiction of loft and office buildings. He states he cannot join the latter union until h/ has a position and appears to recognize that membership in the union is ι practical necessity in obtaining a job. His efforts to obtain such employment sum up to having "read the papers" and one telephone call. Subdivision 2 of section 591 of the Labor Law (Unemployment Insurance Law) provides that "No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience." It is clear that claimant has, in effect, withdrawn himself from the labor market. Determination reversed and the initial determination of the commissioner reinstated, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.